UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROHIT KADIMISETTY,<br><br>Defendant. | NO. CR20-151RAJ<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Steven Masada and Nicholas Manheim, Assistant United States Attorneys for said District, and Defendant Rohit Kadimisetty, by and through Defendant's attorney, Kam Kooshki, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.   **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charge(s) contained in the Indictment.

   a.   Conspiracy to Commit Violation of the Travel Act, as charged in Count 1, in violation of Title 18, United States Code, Section 371.

Plea Agreement - 1
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense(s).** The elements of the offense(s) to which Defendant is pleading guilty are as follows:

    a.    The elements of Conspiracy, in violation of Title 18, United States Code, Section 371, as charged in Count 1, are as follows:

- First, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and
- Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and
- Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

    b.    The elements of a Violation of the Travel Act, in violation of Title 18, United States Code, Section 1952(a)(3), are as follows:

- First, the defendant traveled in interstate or foreign commerce or used interstate or foreign wires with the intent to promote, manage, establish, or carry on, or to facilitate the promotion, management, establishment, or carrying on of, Commercial Bribery, in violation of New York Penal Code § 180.3 or California Penal Code § 641.3[1];

---

[1] California Penal Code § 641.3 states in pertinent part:

    (a) Any employee who solicits, accepts, or agrees to accept money or any thing of value from a person other than his or her employer, other than in trust for the employer, corruptly and without the knowledge or consent of the employer, in return for using or agreeing to use his or her position for the benefit of that other person, and any person who offers or gives an employee money or any thing of value under those circumstances, is guilty of commercial bribery.

    (b) This section does not apply where the amount of money or monetary worth of the thing of value is two hundred fifty dollars ($250) or less.

Plea Agreement - 2
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Second, after doing so, the defendant performed or attempted to perform Commercial Bribery;
- Third, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense(s) to which Defendant is pleading guilty are as follows:

   a. For the offense of Conspiracy to Commit Violations of the Travel Act, as charged in Count 1: A maximum term of imprisonment of up to five (5) years, a fine of up to $250,000, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further

Plea Agreement - 3
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

Plea Agreement - 4
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

h.     The right to appeal a finding of guilt or any pretrial rulings.

6.     **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.     The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.     After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.     The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.     Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

Plea Agreement - 5
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits he is guilty of the charged offense:

For a period of time, beginning no later than July 2017, Defendant Rohit Kadimisetty, residing in California, did knowingly and willfully combine, conspire, confederate, and agree with others, including one or more charged defendants, to commit offenses against the United States, including using a facility in interstate and foreign commerce, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, Commercial Bribery, in violation of California Penal Code § 641.3 and New York Penal Code § 180.3. More specifically, the Defendant conferred bribery payments to employees of Amazon.com, Inc. and its subsidiaries ("Amazon") in to order to, among other things, obtain confidential property and information stored on Amazon's internal networks and procure other benefits on the Amazon Marketplace. The Defendant did so with intent to influence the employees' conduct in relation to the employer's affairs and without Amazon's knowledge or consent, causing significant economic harm to Amazon (far in excess of two hundred and fifty dollars, contemplated by New York Penal Code § 180.3).

For a period of time until in or around December 2015, Defendant worked as an Amazon Seller Support Associate in Hyderabad, India. After leaving Amazon and immigrating to the United States, specifically, to California, Defendant, who also used the alias "Roger," among others, used his knowledge of and connections within Amazon to provide consulting services to third-party sellers on the Amazon Marketplace, which relied on the payment of bribes for access to protected Amazon computer networks and confidential information and improper benefits. By way of example, Defendant engaged multiple former Amazon colleagues, including co-defendant Nishad Kunju and others identified by initials E.E. and R.B., to accept bribes in exchange for misusing their employee privileges and network access to benefit external parties. These compromised Amazon insiders agreed to and did accept money and payments from Defendant and others, corruptly and without the knowledge or consent of the employer, in return for using and agreeing to use their position for the benefit of those other persons. Part of the improper benefit involved the misuse of restricted access and privileges of employment to provide third parties access to information from protected computers, all for purposes of commercial advantage and private financial gain.

Defendant also used such means to benefit seller accounts owned by others that he helped operate on the Amazon Marketplace.

Plea Agreement - 6
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

From around January 2017, until around August 2018, Defendant at times served as an intermediary between the corrupted Amazon employees and co-defendants Joseph Nilsen and Hadis Nuhanovic (and their clients), among others. Under this arrangement, the third parties forwarded work requests to Defendant, who sent them to Amazon employees, who in turn performed the requested work in exchange for bribe payments. In such a role, Defendant improperly obtained confidential information about Amazon seller accounts and the operation of the Amazon Marketplace. In one example, on about April 25, 2018, co-defendant Ephraim Rosenberg sent Nilsen multiple emails requesting annotations (internal Amazon notes about specific sellers and disputes, which at times were referred to in code as "fruit") related to specific third-party seller accounts identified by merchant identification numbers. Similar to many other occasions, Nilsen forwarded the requests and discussions of costs to Defendant, who, through Amazon insiders, improperly obtained the requested annotation history and suggested that payment be sent designated as "friends and family on Bank of America." Thereafter, including on April 26, 2018, Nilsen sent Rosenberg the annotation history for the requested seller accounts. Nilsen and Rosenberg were residents of New York.

At times, Defendant directly paid the bribes to the corrupted Amazon employees in furtherance of the scheme. For instance, on about October 2, 2017, Defendant, using an online money transfer service, headquartered in the Western District of Washington, sent approximately $754 (INR 48,495) to E.E., in Hyderabad, India. On about October 30, 2017, Defendant similarly sent E.E. another $1,500 (INR 96,375). On March 28, 2018, Defendant sent $1,000 (INR 64,270) to Kunju. Defendant also helped a co-defendant to arrange certain bribe payments to be funneled through an associated in Irving, Texas, and characterized as a tuition-related payment, which was designed to conceal the true nature and purpose of the transactions.

At other times, Defendant connected corrupted Amazon employees directly with persons who were interested in paying for improper assistance with Amazon merchant accounts, and who worked with and paid the insiders directly. For instance, Defendant introduced R.B. to co-defendant Nuhanovic (among others). Thereafter, over the course of nearly one year, in exchange for ongoing payments totaling more than $20,000, R.B. improperly used his access to Amazon's confidential systems to provide Nuhanovic internal information, including about Amazon sellers and customers, and an unfair competitive advantage on the Amazon Marketplace. In another example, Defendant also was included on communications regarding improperly obtaining approvals to sell products within restricted product categories. More specifically, on about January 19, 2018, in response to a request from Rosenberg on behalf of a third-party seller, Nilsen and Kunju (then employed at Amazon), copying Defendant, discussed the cost of obtaining approval of two restricted products ("2 topicals"). They ultimately agreed upon $4,000 each ("4k per approval"), which Nilsen conveyed to Rosenberg.

Plea Agreement - 7
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant's conduct included use of interstate or foreign wires, including those affecting the Western District of Washington, to carry on and promote the scheme. Defendant further agrees that, for the purposes of sentencing, the total amount of bribes paid to Amazon employees either by him or by those introduced through him, during the course of his active involvement in the scheme, was approximately $100,000.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that they are free to stipulate or present arguments regarding the applicability of provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term no greater than the advisory Sentencing Guidelines range, as calculated by the Court at the times of sentencing. The parties further jointly agree that the appropriate

Plea Agreement - 8
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

fine to be imposed by the Court at the time of sentencing is an amount of fifty thousand dollars ($50,000), less any amounts paid in restitution and any sum of money forfeited, if any, as set forth in paragraph 12 or paragraph 13, below.

Defendant understands that recommendations are not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this plea agreement, Defendant agrees that restitution in this case should not be limited to the offense(s) of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea(s) to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. In exchange for the promises by the United States contained in this plea agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing

Plea Agreement - 9
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Case 2:20-cr-00151-RAJ Document 92 Filed 09/07/21 Page 10 of 15

assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In

Plea Agreement - 10
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

13. **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, constituting or derived from, any proceeds that Defendant obtained, directly or indirectly, as a result of Defendant's commission of Conspiracy to Commit Violation of the Travel Act, as charged in Count 1, in violation of Title 18, United States Code, Section 371. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to, a sum of money in an amount to be determined at the time of sentencing, representing proceeds Defendant personally obtained, directly or indirectly, as a result of Defendant's commission of the offense charged in Count 1 of the Indictment.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim, or to assist any third party with filing a claim, to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of the offense set forth in Count 1.

Plea Agreement - 11
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending

Plea Agreement - 12
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

   a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

   b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

Plea Agreement - 13
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//

Plea Agreement - 14
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 9 day of August, 2021.

7th day of September SCV

K. Rohit

**ROHIT KADIMISETTY**
Defendant

**KAM KOOSHKI**, *pro hac vice*
Attorney for Defendant

**STEVEN MASADA**
**NICHOLAS MANHEIM**
Assistant United States Attorneys

Plea Agreement - 15
U.S. v. Kadimisetty, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970