WA/WD PTS-Modification (01/19)

# UNITED STATES DISTRICT COURT
for
Western District of Washington

Report on Defendant Under Pretrial Services Supervision

**Date of Report:** 10/25/2021

**Name of Defendant:** Rohit Kadimisetty   **Case Number:** 2:20-cr-00151-RAJ-5

**Name of Judicial Officer:** The Honorable Brian A. Tsuchida, United States Magistrate Judge

**Original Offense:** Count 1: Conspiracy to Commit Violations of Travel Act and Computer Fraud and Abuse Act
Count 2: Conspiracy to Commit Wire Fraud
Counts 3-9: Wire Fraud

**Date Supervision Commenced:** 10/15/2020

Bond Conditions Imposed:

- Travel is restricted to <u>the Central District of California and Western District of Washington</u>, or as directed by Pretrial Services.

- Surrender all current and expired passports and travel documents to the court. Do not apply for/obtain a new passport or travel document from any country without permission of the court. If the surrendered passport is a foreign passport, it shall be forwarded to Immigration and Customs Enforcement if defendant is convicted of an offense, unless otherwise ordered by the Court.

- Maintain residence as directed. Do not change residence without prior approval of Pretrial Services or as directed by Pretrial Services.

- The defendant shall not use, possess or have access to a computer or computer components (functional or non-functional), including but not limited to hard drives, external storage devices, keyboards, and mouse, at the defendant's residence, place of employment, private homes, libraries, schools, or other public locations, without prior approval of Pretrial Services. In addition, the defendant shall not use, possess, or have access to PDA's, gaming systems, and Internet enabled TV devices, nor access the internet through use of a cellular phone device. The defendant shall not access the internet, or private or public computer networks, or not have others do so on his/her behalf, without prior approval of Pretrial Services. The defendant hereby consents to U.S. Pretrial Services' use of electronic detection devices to evaluate the defendant's access to WiFi (wireless fidelity) connections.

- Maintain employment, or, if unemployed, actively seek employment as directed by Pretrial Services.

- You shall not possess any Social Security number, identification, or documents in any name other than your own.

- You shall not have direct contact or indirect contact with any existing and/or future co-defendant(s) in this case.

- The defendant shall comply with the requirements of the U.S. Probation and Pretrial Services Computer Monitoring Program as directed. The defendant shall consent to the U.S. Probation and Pretrial Services Office conducting ongoing monitoring of his/her computer(s), hardware, software, and any/and all electronic devices/media. The monitoring will include the installation, at the defendant's expense, of hardware or software systems that allow evaluation of his/her computer use. Monitoring may also include the retrieval and copying of all data from his/her computer(s) or any/and all other electronic devices/media. The defendant may be subject to quarterly polygraph testing at his/her expense, solely to ensure compliance with the requirements of the monitoring program. The defendant hereby consents to

Case 2:20-cr-00151-RAJ   Document 105   Filed 10/25/21   Page 2 of 3

| | |
|---|---|
| The Honorable Brian A. Tsuchida, United States Magistrate Judge | Page 2 |
| Report on Defendant Under Pretrial Services Supervision | 10/25/2021 |

> U.S. Probation and Pretrial Services' use of electronic detection devices to evaluate the defendant's access to WiFi (wireless fidelity) connections.

- You shall not have direct contact or indirect contact with any existing and/or future witnesses in this case.

- The defendant shall comply with Stand Alone Monitoring component of Location Monitoring Program. The defendant shall be monitored by Active Global Positioning Satellite technology which shall be utilized for purposes of verifying compliance with any court imposed condition of supervision. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist. The location monitoring specialist will coordinate the defendant's release with the U.S. Marshals.

- The defendant shall abide by all federal, state, and local directives regarding the COVID-19 pandemic.

- The $100,000 Bond posted in the Central District of California remains in effect.

DELETED 09/28/2021: The defendant shall comply with Stand Alone Monitoring component of Location Monitoring Program. The defendant shall be monitored by Active Global Positioning Satellite technology which shall be utilized for purposes of verifying compliance with any court imposed condition of supervision. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist. The location monitoring specialist will coordinate the defendant's release with the U.S. Marshals.

---

## PETITIONING THE COURT

☒ To modify the conditions of supervision

DELETE:

- The defendant shall not use, possess or have access to a computer or computer components (functional or non-functional), including but not limited to hard drives, external storage devices, keyboards, and mouse, at the defendant's residence, place of employment, private homes, libraries, schools, or other public locations, without prior approval of Pretrial Services. In addition, the defendant shall not use, possess, or have access to PDA's, gaming systems, and Internet enabled TV devices, nor access the internet through use of a cellular phone device. The defendant shall not access the internet, or private or public computer networks, or not have others do so on his/her behalf, without prior approval of Pretrial Services. The defendant hereby consents to U.S. Pretrial Services' use of electronic detection devices to evaluate the defendant's access to WiFi (wireless fidelity) connections.

- The defendant shall comply with the requirements of the U.S. Probation and Pretrial Services Computer Monitoring Program as directed. The defendant shall consent to the U.S. Probation and Pretrial Services Office conducting ongoing monitoring of his/her computer(s), hardware, software, and any/and all electronic devices/media. The monitoring will include the installation, at the defendant's expense, of hardware or software systems that allow evaluation of his/her computer use. Monitoring may also include the retrieval and copying of all data from his/her computer(s) or any/and all other electronic devices/media. The defendant may be subject to quarterly polygraph testing at his/her expense, solely to ensure compliance with the requirements of the monitoring program. The defendant hereby consents to U.S. Probation and Pretrial Services' use of electronic detection devices to evaluate the defendant's access to WiFi (wireless fidelity) connections.

Case 2:20-cr-00151-RAJ   Document 105   Filed 10/25/21   Page 3 of 3

The Honorable Brian A. Tsuchida, United States Magistrate Judge | Page 3
Report on Defendant Under Pretrial Services Supervision | 10/25/2021

## CAUSE

The request to remove these conditions originated with defense counsel in June of 2021. Defense counsel noted Mr. Kadimisetty was the only codefendant with computer related conditions imposed and his client was lower level in the conspiracy. I have confirmed no other codefendants had these conditions imposed. The difference is likely attributed to the codefendants making their initial appearances in different districts with Mr. Kadimisetty first appearing in the Central District of California. When he had his initial appearance in the Western District of Washington, the conditions were mirrored in deference to the district that would supervise him. Mr. Kadimisetty had exhibited compliance with the computer restrictions since he was placed on bond in October of 2020 and as such, the Central District of California did not object to the conditions being removed at that time, nor did the Government. However, as it turns out, no modification request was submitted to the Court.

A bond modification hearing was held on September 29, 2021, because Pretrial Services did not support the removal of location monitoring. The removal of computer restrictions was discussed briefly, and Your Honor requested the parties revisit their positions on computer restrictions outside of the hearing, as the timeline and outcome were unclear, and submit another modification request if we were in agreement.

I consulted with Assistant United States Attorneys Nicholas Manheim and Steven Masada; defense counsel, Kam Kooshki; and United States Probation Officer Michelle Reis from the Central District of California, and they continue to concur with the recommendation to remove computer related restrictions. Mr. Kadimisetty has continued to abide by the original directives despite confusion over the last several months, bolstering the compliance argument.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of October, 2021.

_____
Erin O'Donnell
United States Probation Officer

APPROVED:
Monique D. Neal
Chief United States Probation and Pretrial Services Officer

BY:

_____
Jaymie Parkhurst
Supervising United States Probation Officer

### THE COURT FINDS PROBABLE CAUSE AND DIRECTS:

☒ Modify the Conditions as noted above
☐ Other

_____
Brian A. Tsuchida, United States Magistrate Judge

10/25/2021
Date